**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Richard Wayne BILLINGSLEY,**
**Defendant–Appellant.**

Nos. 12–2511, 12–2512.

United States Court of Appeals,
Eighth Circuit.

Submitted: April 25, 2013.

Filed: April 30, 2013.

Craig J. Concannon, St. Louis, MO, for appellant.

Steven R. Berry, Spec. Asst. U.S. Atty., Jefferson City, MO, for appellee.

Before WOLLMAN, BOWMAN, and GRUENDER, Circuit Judges.

PER CURIAM.

Richard Billingsley pleaded guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and to possession of counterfeit obligations, in violation of 18 U.S.C. § 472. The district court [1] imposed concurrent sentences of 151 months in prison and 3 years of supervised release. On appeal, Billingsley's counsel seeks leave to withdraw and has filed a brief under *Anders v. California,* 386 U.S. 738, 87 S.Ct.

---

[1]. The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

1396, 18 L.Ed.2d 493 (1967), arguing that the district court miscalculated the applicable Guidelines range and imposed a substantively unreasonable sentence.

In both cases, there is a written plea agreement containing an appeal waiver under which Billingsley waived the right to appeal his sentence except for claims of ineffective assistance of counsel, prosecutorial misconduct, or an illegal sentence. After careful review of the record, we will enforce the appeal waiver in each case. The plea agreements and plea hearing transcript show that Billingsley entered into the plea agreements and the appeal waivers knowingly and voluntarily; the arguments raised on appeal fall within the scope of the waivers; and no miscarriage of justice would result from enforcing the waivers. *See United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir.2003) (en banc) (setting forth standard for enforcing appeal waivers).

Having independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we find no nonfrivolous issues outside the scope of the appeal waivers. Accordingly, we dismiss these appeals based on the appeal waivers, and we grant counsel's motion to withdraw.